## M O'NEIL CO v LAMB-RITTER

Ohio Appeals, 9th Dist, Summit Co

No 2367. Decided Feb 20, 1934

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Brouse, Englebeck, McDowell, May & Bierce, Akron, and John D. Wortman, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Error is prosecuted to this court to secure a reversal of that judgment.

It is our understanding that the statutes in effect at the time of the filing of plaintiff's application for compensation are the statutes which govern this proceeding, both as to substantive law and procedure.

Sec 26, GC.

Industrial Comm. v Vail, 110 Oh St 304.

Tyler Co. v Rebic, 118 Oh St 522.

Sec 1465-90, GC, (108 O.L., part 1, p. 322), effective May 10, 1919, and in effect on May 2, 1920, read in part as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be **final**. Provided, however, in case the **final action** of such commission **denies** the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or **upon any other ground going to the basis of the claimant's right,** then the claimant, within thirty (30) days after the notice of the final action of such commission, may, by filing his appeal in the Common Pleas Court of the county wherein the injury was inflicted or in the Common Pleas Court of the county wherein the contract of employment was made, in case where the injury occurs outside of the state of Ohio, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it."

The sole question here presented is whether or not the order of the Industrial Commission made June 17, 1932, was a "final action" denying "the right of the claimant * * * to continue to participate in such fund * * * upon any other ground going to the basis of the claimant's right."

It is contended by counsel for defendant that "the Court of Common Pleas had no jurisdiction on appeal to hear and determine the questions of fact submitted * * * for the reason that the action of the commission in its findings of fact and in its decision with reference to such facts, was final, and from which decision an appeal does not lie."

It is further argued that no claim other than the original application of the claimant was ever made to the commission for its consideration; that every finding, order and payment made was based upon the original application for compensation, over which the commission exercised jurisdiction for more than twelve years; and that if the law wherein it states that "the commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon shall be final" means what it says, then there can be no right of appeal from the finding and order made by the commission on June 15, 1932.

It is true that no formal application has been filed by the claimant, wherein she makes a claim that as a result of her injury her condition at the time said order was made was that of permanent total disability, and it is further true that in the absence of such application the commission has not in so many words denied that claim.

However, a careful reading of the commission's order of June 15, 1932, impels us to the conclusion that the commission has said, inferentially at least, that the claimant's condition at that time was not that of permanent total disability.

It will be observed that the order, predicated "on the report of recent special medical examination," and "after inquiring into the extent of disability, finds the claim has been recognized by the employer and compensation paid for the period of disability." Obviously, the commission could not more clearly have stated that it did not find claimant to be suffering from permanent total disability resulting from injuries sustained in the course of her employment. This the commission had a right to do under §1465-86, GC, without the filing of any additional claim for compensation based upon a grade of disability not theretofore found to exist. (Of course, if this proceeding were governed by the present law, an application for a rehearing would have to be filed before an appeal could be perfected).

A reading of the many cases, cited by counsel for the parties hereto (and they have been most assiduous in their examination and presentation of authorities) convinces us that the rule deducible from those authorities and from the statutes, is this:

When a claim for compensation is duly presented, and the commission finds all of the jurisdictional facts in favor of the claimant, assumes jurisdiction and makes an award to claimant for such disability as it may find to exist at that time, such order

is final, and the amount of compensation thus allowed cannot be reviewed on appeal; but the commission has power, without the filing of any further application therefor, to later investigate and determine whether the disability, as of the later date, is of a higher grade than theretofore found, and if it so determines, then such finding is final and cannot be reviewed on appeal. However, if such later finding is against the claimant and is predicated upon any of the grounds enumerated in §1465-90, GC, and claimant is thereby denied the right to continue to participate in said fund, then the order of the commission is appealable.

**Sec 1465-86, GC,** providing for the continuing jurisdiction of the commission, reads as follows:

"The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified."

Under the provisions of the foregoing section, the commission in the instant case "finds the claim has been recognized by the employer and compensation paid for the period of disability." That finding resulted in a denial of the right of claimant to continue to participate in the fund.

The question then arises: Is that denial upon "any other ground going to the basis of the claimant's right?"

"Basis" is defined in Webster's New Intenational dictionary as "the foundation of anything; that on which a thing rests."

As we view it, the "basis" of plaintiff's right to compensation is her condition resultant from an injury sustained in the course of her employment. That condition may result, upon application for compensation duly made, in any one or more of four conclusions by the commission; that claimant is entitled to compensation for temporary total disability, partial disability or permanent total disability, or to no compensation whatever. In the event compensation is allowed by the commission under one of the first three conclusions above set forth, no appeal therefrom lies. If, however, the fourth conclusion is reached by the commission, or if, having theretofore allowed claimant to participate in the fund, for one of such grades of disability, the commission thereafter denies claimant's right to further participate for a higher grade of disability, such denial is upon a ground going to the basis of claimant's right, and is therefore one of the grounds enumerated in §1465-90, GC, and is appealable.

This holding recognizes the plain provisions of the law as to continuing jurisdiction and the right of the commission to conduct jurisdiction and the right of the commission to conduct successive hearings and determine the grade of disability at each of said hearings, and is consistent with the holdings of the Supreme Court wherein the finding of the commission on each hearing involving a grade of disability higher than that theretofore allowed is regarded as a finding on a jurisdictional matter.

In other words, such a finding is that the physical condition of the claimant at the time of such hearing is not attributable to the accident involved in the proceeding, rather than a finding, under §1465-90, GC, even as amended in 1925, as to the "extent of disability and amount of compensation to be paid."

The Supreme Court has definitely repudiated a construction of §1465-90, GC, which would make such finding by the commission final. (**Industrial Comm. v Phillips, 114 Oh St 607**). And that repudiation was approved in **Industrial Commission v Link, 122 Oh St 181,** and **State ex v Industrial Comm., 126 Oh St 434**. That holding is also in accordance with **State ex v Industrial Comm., 125 Oh St 426.**

We conclude, from the foregoing, that the commission's order denying to plaintiff, as it does, the right to be compensated for total permanent disability, was a final action, denying to claimant the right further to participate in the fund, upon a ground going to the basis of claimant's right, and that said order of June 15, 1932, supra, was appealable.

The other errors assigned have been carefully considered, and we find nothing therein which in our opinion would warrant a reversal of the judgment of the trial court.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.